IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TOBY KITTRELL,<br><br>Plaintiff,<br><br>vs.<br><br>MARC JOHNSON, LUKE JOHNSON, DETENTION OFFICERS CO MINER AND CO BUCHHOLTZ,<br><br>Defendants. | CV 18-00101-M-DLC-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Toby Kittrell filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint pursuant to 42 U.S.C. § 1983 (Doc. 2). The motion to proceed in forma pauperis will be granted but the Complaint fails to state a claim and should be dismissed.

## I. Motion to Proceed in Forma Pauperis

Kittrell's motion is sufficient to make the showing required by 28 U.S.C. §1915(a) and the request to proceed in forma pauperis will be granted. Because he is incarcerated, Kittrell must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Kittrell has insufficient funds to pay the initial partial filing fee, therefore it will be waived and Kittrell may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be

1

exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Kittrell will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Kittrell must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* By separate order, the Court will direct the facility where Kittrell is held to forward payments from Kittrell's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II. Screening**

Pursuant to the federal statutes governing proceedings in forma pauperis and cases filed by prisoners, federal courts must engage in a preliminary screening of a case to assess the merits of the claims. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a). Accordingly, the Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.

Kittrell alleges Defendants violated his legal right to access the courts by

not allowing him to call his attorney. Specifically, he contends that he asked Officers Buchholtz and Minor if he could call his attorney at 8:00 a.m. on June 1, 2018. The officers let Kittrell out of his cell but his attorney did not answer. At 9:30 a.m., he again asked to call his attorney and the officers refused. Kittrell started to argue with the officers and they gave him a write-up for direct insolence and still would not let him call his attorney. (Complaint, Doc. 2 at 6.)

Kittrell presents his claim as a denial of access to the courts claim. Inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This includes "both a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011), *invalidated on other grounds by Coleman v. Tollefson*, __U.S.__, 135 S. Ct. 1759 (2015). Jail officials may not actively interfere with an inmate's right to litigate. *Silva*, 658 F.3d at 1101-02. In order to state a denial of access to the courts claim a plaintiff must show that he suffered an "actual injury," i.e., prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. *Lewis v. Casey*, 518 U.S. 343, 348-349 (1996). An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. *Id.* at 351. It is implausible that the denial of a second attempt to call an attorney

3

on a single day caused actual injury or interfered Kittrell's ability to participate in his criminal defense and Kittrell makes no attempt to specifically explain how he was prejudiced.

Kittrell's allegations could also be liberally construed as a claim under the Sixth Amendment to the United States Constitution. *See Nordstrom v. Ryan*, 762 F.3d 903, 909-910 (9th Cir. 2014). "When the government deliberately interferes with the confidential relationship between a criminal defendant and defense counsel, that interference violates the Sixth Amendment right to counsel if it substantially prejudices the criminal defendant." *Williams v. Woodford*, 384 F.3d 567, 584–85 (9th Cir. 2004). But again, it is implausible that the denial of a single phone call substantially prejudiced Kittrell's criminal defense.

Even if the denial of that single phone call substantially prejudiced Kittrell's defense, then his claims would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment in favor of a plaintiff in a civil-rights action would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Id.* at 486–87; *see also Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir.2005) (en banc) ("*Heck* says that 'if a criminal conviction arising out of the same facts stands and

4

is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.' " (citation omitted)). Thus, the "relevant question" in a § 1983 suit is whether success would "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." *Smith*, 394 F.3d at 695 (*quoting Heck*, 512 U.S. at 487). If the Court were to rule favorably for Kittrell on his Sixth Amendment claim that would necessarily imply the invalidity of his conviction and therefore his Sixth Amendment claim is *Heck* barred.

Kittrell's allegations fail to state a claim upon which relief may be granted and should be dismissed.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Kittrell's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2). The Complaint is deemed filed June 5, 2018.

In addition, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter

judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

    3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

    4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Kittrell failed to state a claim upon which relief may be granted.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Kittrell may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Kittrell is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 19th day of June, 2018.

                                         */s/ Jeremiah C. Lynch*
                                         Jeremiah C. Lynch
                                         United States Magistrate Judge